**In the Matter of Susan J. KRIESEL, Respondent.**

No. 49S00–1205–CO–253.

Supreme Court of Indiana.

Oct. 11, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT IN RESOLUTION OF CONTEMPT PROCEEDING*

The Indiana Supreme Court Disciplinary Commission and Respondent have sub-

---

mitted for approval a "Statement of Circumstances and Conditional Agreement In Resolution Of Contempt Proceeding," stipulating agreed facts and proposed discipline as summarized below.

Respondent was suspended for registration fee ("dues") nonpayment and continuing legal education ("CLE") noncompliance effective 11:59 p.m., June 20, 2008. Respondent was aware of this suspension, which is still in effect. Nevertheless, Respondent continued to practice law as an associate in the employ of a law firm for more than three years, until approximately September 9, 2011.

The parties agree that Respondent practiced law while suspended in contempt of this Court's suspension order. The parties propose the appropriate sanction in the circumstances of this case is imposition of a $250.00 fine and conversion of her dues nonpayment and CLE noncompliance suspension to an indefinite suspension from practice. Respondent admits that she practiced law unabated for three years, knowing she was suspended. The only issue is whether the punishment proposed is sufficient.

Suspensions for dues nonpayment and CLE noncompliance are fairly easily cured procedurally by the payment of delinquent dues and other fees and the completion of required CLE hours. *See* Admis. Disc. R. 2(b) and (h); Admis. Disc. R. 29(10). By comparison, an attorney with an indefinite suspension must go through the formal reinstatement process, which includes payment of a $500 filing fee, the burden of proving by clear and convincing evidence his or her fitness to resume practice, an evidentiary hearing before a hearing officer, and review by this Court. *See* Admis. Disc. R. 23(4) and (18).

The Court, having considered the submissions of the parties, now approves the agreed sanction. The sanction imposed

for Respondent's contempt of court might have been more severe had this matter been submitted without the Commission's agreement that the punishment proposed is sufficient under the circumstances. If Respondent petitions for reinstatement, Respondent will be required to address her dues nonpayment, her CLE noncompliance, her knowing violation of this Court's suspension order, and the attorney fees she earned while suspended. Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

IT IS THEREFORE ORDERED that Respondent **be fined the sum of two hundred and fifty dollars ($250.00).** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

IT IS FURTHER ORDERED that Respondent's current suspension from the practice of law for dues nonpayment and CLE noncompliance is converted to an indefinite suspension, effective immediately. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). To be readmitted to the practice of law in this State, Respondent must cure the causes of all suspensions in effect, pay the $250.00 fine and any other amounts owing to the Court, the Clerk, or the Commission, and successfully petition this Court for reinstatement pursuant to Admission and Discipline Rule 23(4) and (18).

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the

Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.